STATE OF FLORIDA v. NORTH ST. LUCIE RIVER DRAINAGE DISTRICT OF ST. LUCIE COUNTY, FLORIDA, etc.

3 So. (2nd) 500
En Banc
Opinion Filed August 1, 1941

*Murray W. Overstreet,* for Appellant;
*Walker Liddon,* for Appellee.

BUFORD, J.—On appeal we review the order of the Circuit Court of St. Lucie County validating the issue of $493,000.00 of refunding bonds of North St. Lucie River Drainage District.

The record shows that there is outstanding and unpaid $1,523,000.00 of original bonds of which $1,504,000.00 is held by Reconstruction Finance Corporation and that Reconstruction Finance Corporation holds title absolute to a part of the bonds and holds the remainder of the bonds in its possession as collateral security for moneys advanced to the district for the purpose of meeting its obligations, a part of which was to furnish money to redeem the original bonds at a large discount.

The present issue of $493,000.00 of refunding bonds is to refund the total of $1,523,000.00 of the outstanding bonds, together with accrued interest.

Stated otherwise, the record shows that North St. Lucie River Drainage District in 1920 issued $1,200,000.00 of bonds for the purpose of constructing a drainage project. In August, 1922, it issued $500,000.00 of bonds additional. The district paid thereafter $107,000.00 of the first issue and $20,000.00 of the second issue and has accepted as payment of taxes an additional $32,000.00 of the first issue and $18,000.00 of the second issue. It has, therefore, liquidated $177,000.00 of the two issues, leaving outstanding and unpaid $1,523,000.00 of the bonds, plus large sums as interest. In 1935 the district procured from the Reconstruction Finance Corporation a loan of $409,193.27 and with the proceeds thereof had the Reconstruction Finance Corporation to procure from the then holders of the bonds $1,504,000.00 of the bonds for and at the price of $378,709.81, the Recon-

struction Finance Corporation retaining all of the bonds as security for the money advanced to pay for the same. Thereafter, in November, 1938, the Reconstruction Finance Corporation loaned the District $91,500.00 to be expended for rehabilitation purposes with the understanding and agreement that the bonds held by Reconstruction Finance Corporation of the District would be held as collateral security for this loan and the other moneys advanced. The district has now arranged with Reconstruction Finance Corporation to take refunding bonds in the sum of $493,000.00 in exchange for the $1,523,000.00 of the bonds mentioned, *supra,* with interest thereon and in lieu of the entire obligation of the district to Reconstruction Finance Corporation.

The question presented to us is whether or not the district may issue refunding bonds to pay a loan of $91,500.00 which stands secured *pro tanto* by $1,504,000.00 of original bonds. The original debt evidenced by the original two issues of bonds is not increased but is diminished from $1,523,000.00 to $493,000.00. When Reconstruction Finance Corporation loaned the district money on the outstanding bonds which the district had not been able to pay and took those bonds for collateral security the bonds were not canceled, but remained outstanding to secure the obligation of the district to Reconstruction Finance Corporation and as long as Reconstruction Finance Corporation held its advances to the district in an amount less than the face value of the bonds, the debt of the district was not increased over or above the obligation of the original bonds. The refunding bonds are to be exchanged for the original bonds at such ratio of their par value as will accom-

plish the discharge of the obligation of $1,523,000.00 by the issue of refunding bonds in the sum of $493,000.00.

We find no reversible error in the record.

The decree is affirmed.

BROWN, C. J., WHITFIELD and CHAPMAN, J. J., concur.

TERRELL, J., concurs in judgment.

ADAMS, J., disqualified.